## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF
## INDIANA

| | |
|---|---|
| **Collette Seifert** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **UNUM Life Insurance** | ) |
| **Company of America,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED RELIEF

COMES NOW, Collette Seifert, Plaintiff, by and through her attorneys of record, Melissa Davidson, local counsel, and Peter Casciano of Andalman & Flynn, P.C., and Mark DeBofsky of DeBofsky Law, Ltd. seeking pro hoc vice admission, and for her Complaint for Declaratory Judgment against UNUM Life Insurance Company of America (hereinafter "UNUM" or "Defendant"), and states as follows:

### PARTIES

1. Plaintiff, Collette Seifert, is a resident of Carmel, Indiana.

2. Defendant, UNUM, is a Maine Corporation doing business in Indiana.

### JURISDICTION AND VENUE

3. Jurisdiction is founded upon 28 U.S.C. § 1331 and the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. and without limitation, §1132(e).

4. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c).

### FACTS

5. Ms. Seifert was born in 1964 and is currently 58 years of age. Ms. Seifert was

employed as a Staff Pharmacist for CVS Pharmacy, Inc. (hereinafter "CVS") for thirteen years.

6. As a benefit of her employment, CVS agreed to provide Ms. Seifert with disability income coverage. These benefits were provided through a group policy issued to CVS by UNUM.

7. These disability benefits were part of an employee welfare benefit plan as defined in 29 USC § 1002(1) of the Employee Retirement Income Security Act of 1974 ("ERISA").

8. The disability Plan provided for long term disability benefits.

9. For purposes of Ms. Seifert's long term disability benefits, the Plan defines the term "disability" or "disabled" as follows:

"You are disabled when Unum determines that:

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury
-

10. Since July 24, 2019, Ms. Seifert has not been released by her treating physicians to resume work due to her disabling medical conditions.

11. Since July 24, 2019, Ms. Seifert has been suffering from and receiving treatment for ongoing symptoms from Cervical Radiculopathy, Fibromyalgia, and Cognitive Decline, among other problems.

12. After Ms. Seifert received Short Term Disability benefits from UNUM, UNUM considered Ms. Seifert for Long Term Disability benefits on December 26, 2019.

13. Ms. Seifert's claim for LTD benefits was initially denied by UNUM on April 30, 2020.

14. Prior to the denial decision dated April 30, 2020, UNUM had a vocational assessment performed by one of its vocational consultants, Rusty Peavy, MS, CRC, Sr., who

issued a report dated March 25, 2020, wherein he reported that Ms. Seifert's occupation required her to:

> Compounds medications, using standard formulas and processes, such as weighing measuring, and mixing ingredients.
> Directs pharmacy workers engaged in mixing, packaging, and labeling pharmaceuticals. Answers questions and provides information to pharmacy customers on drug interactions, side effects, dosage, and storage of pharmaceuticals.
> Maintains established procedures concerning quality assurance, security of controlled substances, and disposal of hazardous waste drugs. Enters data, such as patient name prescribed medication and cost, to maintain pharmacy files, charge system and inventory.

15. In rendering its denial decision dated April 30, 2020, UNUM failed to properly analyze the material and substantial duties of Ms. Seifert's regular occupation.

16. Prior to the denial decision dated April 30, 2020, UNUM also hired a Registered Nurse, a Psychiatrist, and a Family Practice Physician to issue an opinion.

17. Sallie McCourt Albert, R.N., a Unum nurse, issued a report dated April 1, 2020 wherein she concluded that the medical information on file did not support that Ms. Seifert is precluded from exerting 20 pounds occasionally and/or up to 10 pounds frequently, frequently standing, walking, reaching in all directions, handling, fingering, making judgments and decisions, performing a variety of duties, attaining precise set limits, tolerances and standards from July 25, 2019 until the end of the elimination period, January 23, 2020.

18. Ms. Albert's findings and assessments contradicted the findings and assessments of Ms. Seifert's treating medical providers and were inconsistent with the weight of the medical evidence.

19. Mark Schroeder, M.D., a Unum psychiatrist, issued a report dated April 27, 2020 wherein he concluded that the claimant's psychiatric condition would not preclude performance of the outlined occupational demands on a full-time sustained basis from July 25, 20219 forward.

3

20. Dr. Schroeder's findings and assessments contradicted the findings and assessments of Ms. Seifert's treating medical providers and were inconsistent with the weight of the medical evidence.

21. Crystal Bright, M.D., a family practice physician employed by Unum, issued a report dated April 30, 2020 wherein she concluded that there was no support for restrictions and limitations to work through January 23, 2020 and beyond.

22. Dr. Bright's findings and assessments contradicted the findings and assessments of Ms. Seifert's treating medical providers and were inconsistent with the weight of the medical evidence.

23. The claim file assembled by Unum is devoid of any evidence that Ms. Albert, Dr. Schroeder, or Dr. Bright have any relevant experience or training regarding fibromyalgia and cervical radiculopathy notwithstanding the requirements of 29 C.F.R. § 2560.503-1(h)(3)(iii) and (h)(4). .

24. After requesting a thirty-day extension of time to file her claim appeal, Ms. Seifert timely submitted an appeal of Unum's April 30, 2020 decision on November 23, 2020.

25. Ms. Seifert's appeal included a Neurocognitive and Psychological Evaluation Report from Dr. Paul Short, PhD, dated August 4, 2020, a Functional Capacities Evaluation from CAM Physical Therapy, dated June 30, 2020, and a Vocational Evaluation from Tanja Hubacker, MA, CRC, NC, LCPC, dated August 10, 2020. Ms. Seifert also submitted updated clinical records from her treating pain management specialist, Dr. Ronald Miller, M.D., treating primary care provider Melissa Humburg, NP, and treating neurologist, Dr. Patrick Reibold, M.D.

26. Subsequently, on November 30, 2020, Ms. Seifert submitted updated clinical records from her treating advanced practice nurse, Jamie Carlson, APN. These records were supported by a medical narrative from Ms. Carlson dated November 12, 2020, which

corroborates the findings of the aforementioned Vocational Evaluation, Functional Capacities Evaluation, and Neurocognitive and Psychological Evaluation reports. Ms. Carlson concluded that Ms. Seifert is disabled from the symptoms and limitations of fibromyalgia, cervical radiculopathy, and cognitive decline.

27. On December 23, 2020, Ms. Seifert submitted updated clinical records from Dr. Miller, Ms. Humburg, and Dr. Reibold. These clinical records were supported by narrative reports from each medical provider stating that they all concurred with the findings of the Neurocognitive and Psychological Evaluation, the Functional Capacities Evaluation, and the Vocational Evaluation mentioned above. Ms. Seifert also submitted an addendum report from Ms. Hubacker dated December 21, 2020, further corroborating the findings of the Functional Capacities Evaluation.

28. On January 6, 2021, UNUM notified Ms. Seifert that it had considered new information and/or rationale developed on appeal that appeared to support its prior denial decision.

29. After receiving Seifert's claim appeal, UNUM hired a neuropsychologist, Edan Critchfield, Psy.D., who is so frequently retained by insurers to assess disability claims that he is biased and lacks objectivity. Dr. Critchfield concluded, without evidentiary support, that Seifert was not functionally impaired; and without any basis for doing so, he also questioned the validity of Dr. Short's evaluation.

30. Dr. Critchfield's findings and assessments contradicted the findings and assessments of Ms. Seifert's treating medical providers, were against the weight of the medical evidence, and were the product of his bias.

31. UNUM also obtained a review from an in-house family/occupational/aerospace medicine physician, Scott Norris, MD, MPH. Dr. Norris, who has shown bias against disability

benefit claimants in many instances, has also been the subject of judicial criticism as to his qualifications and ability to conduct an unbiased and objective assessment of a claimant's disability. In his report of January 5, 2021, Dr. Norris concluded that the medical evidence did not support ongoing restrictions and limitations as of July 25, 2019 through January 23, 2020 and ongoing which would prevent Ms. Seifert from performing the physical and mental/cognitive activities of her position.

32. On January 22, 2021, Ms. Seifert timely responded to UNUM and submitted a rebuttal by Daniel Lentscher, CFCE of CAM Physical Therapy and Wellness Services, dated January 19, 2021, a rebuttal by Dr. Short dated January 15, 2021, and a rebuttal by Ms. Hubacker dated January 14, 2021, addressing Unum's findings and reiterating that Ms. Seifert has been medically precluded from performing the material and substantial functions of her regular occupation.

33. On January 28, 2021, Ms. Seifert submitted a Supplemental Report from Ms. Humburg dated January 27, 2021, further corroborating the findings and assessments of Dr. Short, Ms. Hubacker, and Mr. Lentscher, and supporting Ms. Seifert's medical inability to perform the material and substantial duties of her former position as a Staff Pharmacist.

34. UNUM then issued a final denial of LTD benefits on February 25, 2021, which exhausted all required pre-litigation appeals and made this matter ripe for adjudication.

35. Defendant has failed and refused to provide Ms. Seifert benefits under the Plan since January 23, 2020.

36. As a participant in an ERISA Plan, Ms. Seifert was entitled to receive a full and fair review of her claim for benefits. As part of this full and fair review Defendant was required to fully and fairly consider all of the evidence submitted by Ms. Seifert, and to conduct that review as fiduciary subject to the requirements of 29 U.S.C. § 1104(a)(1) and to apply "higher-

than-marketplace quality standards" in the evaluation of Plaintiff's claim according to *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 115 (2008).

37. Ms. Seifert has complied with the terms of the Plan and ERISA and has submitted evidence of her disability to UNUM. However, in denying Plaintiff's claim for benefits, UNUM violated the terms of the Plan, violated its fiduciary obligations imposed by the ERISA law, and failed to provide Plaintiff with a full and fair review of her claim as required by ERISA pursuant to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

38. Ms. Seifert has exhausted her administrative remedies prior to filing this civil action.

39. By virtue of the foregoing allegations, there exists an actual antagonistic assertion and denial of right with regard to Ms. Seifert's entitlement to disability benefits, and she hereby invokes the jurisdiction of this court to declare her right to disability benefits under the plan, and to decree specific enforcement of these rights and related relief in implementation of its terms.

At all relevant times herein, UNUM acted under a conflict of interest in making the final decision that Ms. Seifert is not entitled to LTD benefits, which the Court must take into consideration in adjudicating this case.

### COUNT I

*(Claim for Benefits Due under ERISA)*

40. Ms. Seifert alleges and incorporates by reference paragraphs 1 through and including 40 above.

41. The disability coverage provided to Ms. Seifert was part of an "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(1) in that the group long term disability plan was established and maintained for the purpose of providing its participants or their beneficiaries disability benefits through the purchase of insurance.

42. Ms. Seifert was a "plan participant" of the employee welfare benefit Plan established and maintained by CVS Pharmacy Inc. within the meaning of 29 U.S.C. 1002(7), in that she was or reasonably expected to become eligible to receive disability benefits from the Plan.

43. Defendant, at all times relevant hereto, was acting as a fiduciary with respect to the Plan and administration of Plaintiff's claim for benefits within the meaning of 29 U.S.C. §1002(21).

44. At all times relevant hereto, Ms. Seifert was "disabled" as defined by the Plan and is entitled to both past-due and continuing benefits under the terms of the Plan, and any amendments and/or modification(s) thereof.

45. Ms. Seifert complied with all Plan terms and requirements in requesting long term disability benefits for her disability and provided Defendant with more than sufficient proof of loss documenting her disability.

46. Defendant violated the requirements of ERISA, 29 U.S.C. §1132(a)(1)(B) by denying benefits under the Plan for which Ms. Seifert was eligible despite a preponderance of the evidence supporting her claim for benefits.

47. The standard of judicial review applicable to Ms. Seifert's claim is *de novo* review.

48. As a direct and proximate result of the foregoing, Unum owes Ms. Seifert LTD benefits in the amount of $6,410.87 per month since January 23, 2020.

49. As a direct and proximate result of the actions of Defendant, Ms. Seifert has been caused to incur attorney's fees in an attempt to secure payment of Long Term Disability benefits justly due to her.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Ms. Seifert, demands the following relief against Defendant:

A.  Judgment in Plaintiff's favor awarding her all past due benefits that have accrued prior to the date of entry of judgment, along with a declaration that Defendant is obligated to provide Ms. Seifert with ongoing long term disability payments for a disability and mandating continued payment of monthly benefits so long as Ms. Seifert remains disabled within the meaning of the Plan until the maximum benefit period expires under the Plan;

B.  That Ms. Seifert be awarded pre-judgment interest, from January 23, 2020 to the date of entry of judgment;

C.  That Ms. Seifert be awarded reasonable attorneys' fees in addition to litigation expenses and costs; and

D.  Such other and further relief as this Court deems just and appropriate.

Respectfully submitted,
Collette Seifert


By:  */s/ Melissa Davidson*
Melissa Davidson
Hankey, Marks & Crider
429 E. Vermont St., Suite 200
Indianapolis, IN 46202
P: 317-634-8565
F: 317-634-9818


By:  /s/ Mark D. DeBofsky
Mark D. DeBofsky IL Bar #3127892
DeBofsky Law, Ltd.
150 N. Wacker Dr., Suite 1925
Chicago, Illinois 60606
(312) 561-4040
Direct (312) 235-4880
Fax (312) 929-0309
mdebofsky@debofsky.com

By: /s/ Peter Casciano
Peter Casciano, MD Bar # 17340
Andalman & Flynn, P.C.
8601 Georgia Avenue, Suite 206
Silver Spring, MD 20910
(301)563-6685
(301)563-6681(fx)
pcasciano@a-f.net
Attorneys for Plaintiff

Case 1:23-cv-00140-TWP-CSW    Document 1    Filed 01/24/23    Page 10 of 10 PageID #: 10